UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL SHAVERS,

    Plaintiff,

v.

KENNETH MCKEE, et al.,

    Defendants.
                               /

File No. 2:07-cv-105

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

Before the Court are appeals by Plaintiff Michael Shavers of decisions by the Magistrate Judge in this matter. (Dkt. Nos. 47, 94, 118, 119, 121.) Plaintiff appeals the denial of two motions to amend the complaint, a motion to stay the matter so that he can obtain discovery before responding to the motion for summary judgment, and a motion for his immediate transfer to another prison facility.

A Magistrate Judge's resolution of a non-dispositive pretrial matter should be modified or set aside on appeal only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); W.D. Mich. LCivr 72.3(a). The "clearly erroneous" standard applies only to the Magistrate Judge's findings of fact. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). The Magistrate Judge's legal conclusions are reviewed under the "contrary to law" standard. *Id*.

Plaintiff challenges the Magistrate Judge's denial of his motions to amend the complaint. The Magistrate Judge determined that it appeared that Plaintiff was attempting to revive a due process claim that had already been dismissed with prejudice. (Dkt. Nos. 45, 93.) In his initial complaint, Plaintiff alleged that his due process rights were violated because he was removed from protective segregation and placed in administrative segregation as a result of a falsified misconduct report. (Dkt. No. 1, Compl. ¶¶ 36-38.) On appeal, the Sixth Circuit held that Plaintiff's due process claim was without merit because "the punishment [of administrative segregation] did not impose an atypical and significant hardship on him." *Shavers v. McKee*, No. 08-1237, slip op. at 2 (6th Cir. Apr. 28, 2009). In his motion to amend, Plaintiff alleges that his due process rights were violated because he was reclassified from protective segregation without a required hearing. (Dkt. No. 44, Mot. for leave to file Am. Compl. 2.) Plaintiff describes his claim as follows:

> Defendants [sic] . . . reclassification of him from 'protection segregation general population status' . . . without a required hearing and determination by IBC Security Classification Committee . . . as to his continued need for protection . . . violated state law and Plaintiff [sic] liberty interest created by prison protection segregation regulation 04.05.120 . . . .

(Dkt. No. 47, Plf.'s Mot. for Recons. 2.) Plaintiff raises essentially the same claim in his second motion for leave to amend. (*See* Dkt. No. 91, Plf.'s Cross- Response in Support of Second Mot. for Leave to Amend 5-7.) Plaintiff contends that his proposed amended claim is different from the dismissed claim. The relevant difference appears to be that, while the Court and the Sixth Circuit examined Plaintiff's due-process claim based on an interest in

2

freedom from the restrictive conditions of confinement in administrative segregation, Plaintiff's proposed new/amended claim alleges that his due process rights were violated because he has a protected interest in continued protective segregation status, which he alleges was removed without a hearing. The Court will affirm the Magistrate Judge's decision to deny leave to amend because such a claim would be futile.

First, the Court acknowledges that, according to Plaintiff, his confinement in administrative segregation has continued since the court of appeals originally considered his due-process claim in April of 2009. Plaintiff now alleges that he has been held in administrative segregation for over four years. The Sixth Circuit recently clarified that a particularly long period of administrative segregation may rise to the level of an atypical and significant hardship. *Harden-Bey v. Rutter*, 524 F.3d 789, 794-95 (6th Cir. 2008). Nevertheless, Plaintiff does not contend that his due-process rights have been violated because he continues to be held in administrative segregation without review, as the plaintiff alleged in *Harden-Bey*. *Id.* at 791. He claims that his due-process rights were violated when he was initially placed into administrative segregation and effectively reclassified to non-protective segregation status without a hearing as to his need for continued protection. Thus, the extended length of Plaintiff's confinement in administrative segregation does not change the analysis of Plaintiff's due-process claim.

Second, the state laws and prison regulations cited by Plaintiff are insufficient to create a liberty interest in continued protective segregation status. The state laws cited by

Plaintiff are unrelated to protective segregation. *See* Mich. Comp. Laws §§ 791.203, 791.204. Moreover, prison policy directives do not, in themselves, create liberty interests protected by the Due Process Clause. *See Siddiq v. Edlund*, 8 F. App'x 522, 524 (6th Cir. 2001) ("The mandatory language of a prison policy no longer suffices to create a protected liberty interest."). Where restrictive conditions of confinement are at issue, the relevant inquiry is whether the restrictive conditions impose a significant and atypical hardship. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). However, Plaintiff's proposed amended claim is not that he was given restrictive conditions of confinement without due process; rather, his claim is that he was deprived of the benefits attendant to protective segregation (i.e., protection from other prisoners) without due process. Deprivation of these benefits does not impose an atypical and significant hardship.

Furthermore, the policy directive cited by Plaintiff does not mandate the process that he asserts. It does not require a hearing before release from protective segregation. *See* MDOC Policy Directive 04.05.120, at ¶ KKK (effective 03/27/2006). Nor does it indicate that a prisoner in protective segregation cannot be placed in administrative segregation. In essence, Plaintiff's claim is based on the mistaken belief that his need for protection from other prisoners entitles him to one form of segregation over another. For the foregoing reasons, Plaintiff's proposed amended claim does not state a viable claim for violation of his due-process rights. Therefore, the Court will affirm the decisions of the Magistrate Judge to deny Plaintiff's motions to amend the complaint.

Plaintiff also appeals the Magistrate Judge's denial of his motion for more time to conduct discovery before response to Defendants' summary judgment motion. However, the Magistrate Judge indicated to Plaintiff that he will have the opportunity as part of his response to the motion to set forth specific facts that he believes will be necessary for further discovery. (Dkt. No. 107, Order 1.) This is consistent with Rule 56(f) of the Federal Rules of Civil Procedure, which provides the mechanism for ensuring that a party has a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment. *See Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009). In other words, the Magistrate Judge has not denied Plaintiff the opportunity for discovery but has deferred on that issue until the Court has had an opportunity to consider the issues raised in the summary judgment motion and Plaintiff's response thereto. To the extent Plaintiff believes that discovery is necessary to oppose the motion, he should file an affidavit together with his response to the motion for summary judgment that explains with specificity the "material facts [Plaintiff] hopes to uncover by the requested discovery" and that are necessary to justify his opposition to the motion. *Id.* at 798; Fed. R. Civ. P. 56(f). Thus, the Court will affirm the decision of the Magistrate Judge.

Plaintiff also appeals the denial of his request for transfer to a new facility. Upon review, the Court will affirm the decision of the Magistrate Judge. As the Magistrate Judge noted, the Court does not have authority to transfer Plaintiff to another facility absent unusual circumstances. Plaintiff's contention that several legal documents prepared in connection with another matter were stolen by prison officials is insufficient to merit such relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's appeals of the denial of his motions for leave to amend the complaint (Dkt. Nos. 47, 94) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to expedite the appeal (Dkt. No. 50) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's appeals of the denial of his motion for more time to conduct discovery and for transfer to another facility (Dkt. Nos. 118, 119, 121) are **DENIED**.

Dated: February 5, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE